**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (if known) _____  Chapter __11__

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | Media Lodge, Inc. |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | Media Lodge, LLC |
| 3. | Debtor's federal Employer Identification Number (EIN) | 30-0819135 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 11095 Viking Drive, Eden Prairie, MN 55344 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Hennepin County | Location of principal assets, if different from principal place of business |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website (URL)**   https://www.medialodge.com

6. **Type of debtor**
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor  **Media Lodge, Inc.**  
       Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
   __5191__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply:*
  - ☒ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☒ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No.  
☐ Yes.

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____  
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☒ No  
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____ Relationship _____  
District _____ When _____ Case number, if known _____

Debtor  **Media Lodge, Inc.**     Case number (*if known*) _____
      Name

**11. Why is the case filed in this district?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? _____
      Number, Street, City, State & ZIP Code

Is the property insured?

☐ No

☐ Yes.  Insurance agency _____
      Contact name _____
      Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☒ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☒ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **Media Lodge, Inc.**                                        Case number (if known) _____
        Name

**Request for Relief, Declaration, and Signatures**

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/9/2020
             MM / DD / YYYY

X _____          Jeff Siegel
  Signature of authorized representative of debtor    Printed name

Title   CEO, President of Media Lodge, Inc.

**18. Signature of attorney**

X _____          Date  11/10/2020
  Signature of attorney for debtor                  MM / DD / YYYY

Michael Busenkell
Printed name

Gellert Scali Busenkell & Brown, LLC
Firm name

1201 N. Orange St., Ste. 300, Wilm, DE 19801
Number, Street, City, State & ZIP Code

Contact phone  302.425.5812   Email address  mbusenkell@gsbblaw.com

DE 3933
Bar number and State

## WRITTEN CONSENT
## IN LIEU OF MEETING OF
## THE BOARD OF DIRECTORS OF
## Media Lodge, Inc.

### A Delaware corporation

November 7, 2020

The undersigned, being all of the members of the Board of Directors (the "**Board**") of Media Lodge, Inc. (the "**Company**") do hereby waive notice for a meeting and hereby consent to the adoption of the following resolutions, which resolutions are adopted as of the date on which the last director's signature is obtained and shall have the same force and effect as if such resolutions were adopted by unanimous vote of the Board at a duly convened meeting held for such purpose, all in accordance with Section 141(f) of the general corporation law of Delaware:

**WHEREAS**, the Board has considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Board has considered the financial and operational aspects of the Company's business and the recommendations of the Company's professionals and advisors and has deemed it desirable and in the best interest of the Company, its creditors, stockholders, and other interested parties that a petition (the "**Petition**") be filed by the Company seeking relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"); and

**WHEREAS**, the Board has received a copy of the Petition and discussed it with the Company's professionals and advisors.

**NOW THEREFORE, BE IT RESOLVED**, that the Company be, and hereby is, authorized to file or cause to be filed a chapter 11 case (the "**Chapter 11 Case**") under the provisions of the Bankruptcy Code in the Bankruptcy Court; and be it further

**RESOLVED**, that each officer of the Company and each of their respective designees and delegates (collectively, the "**Authorized Officers**"), acting alone or with one or more Authorized Officers, be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company to execute, verify, and cause to be filed all petitions, schedules, lists, motions, applications, pleadings and other papers or documents, necessary to commence a case and obtain relief under the Bankruptcy Code, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefor, to obtain debtor in possession financing, and to take any and all further acts and deeds that they deem necessary, proper and desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case; and be it further

## RETENTION OF PROFESSIONALS

**RESOLVED**, that the Company be, and hereby is, authorized and empowered to employ the law firm of [Gellert Scali Busenkell & Brown, LLC as general bankruptcy counsel to represent and assist the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and be it further

**RESOLVED**, that the Company be, and hereby is, authorized and empowered to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and be it further

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of each of the forgoing professionals and advisors, and any other professionals or advisors as such Authorized Officer deems necessary, appropriate or desirable; and be it further

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, in connection therewith employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of this case.

### DIP FINANCING

**WHEREAS**, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors and other parties-in-interest, taken as a whole, that the Company obtain the use of cash collateral and post-petition financing;

**NOW THEREFORE, BE IT RESOLVED**, that each Authorized Officer, and any employee or agent (including counsel) designated by or directed by such Authorized Officer, be and hereby is, authorized, empowered and directed, on behalf of and in the name of the Company, to negotiate and obtain the use of cash collateral and post-petition financing and to enter into and execute any financing or cash collateral agreement and all documents ancillary thereto on terms and conditions as such Authorized Officer in his/her discretion may deem necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purpose of the resolutions adopted herein.

### GENERAL

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Officers and the employees or agents (including counsel) designated by or directed by any Authorized Officer, each Authorized Officer and any employee or agent (including counsel) designated by or directed by such Authorized Officer be, and hereby is, authorized, empowered and directed, in the name of and behalf of the Company, to take or cause to be taken any and all

2

such other and further action, and to execute, acknowledge, deliver, and file any and all such further agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, as such Authorized Officer in his/her discretion may deem necessary, appropriate or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it further

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to receive such notice; and be it further

**RESOLVED**, that all actions taken by any Authorized Officer to carry out the purposes and intent of the foregoing resolutions prior to their adoption be, and hereby are, approved, ratified and confirmed; and be it further

**RESOLVED**, that each Authorized Officer be, and hereby is, authorized, empowered and directed to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions, as such Authorized Officer shall deem necessary, appropriate or desirable in such Authorized Officer's reasonable business judgment to effectuate the purposes of the transactions contemplated herein; and be it further

**RESOLVED**, that this consent may be executed in as many electronic or original counterparts as may be required, and all counterparts shall collectively constitute one and the same consent.

**[Signature on Following Page]**

[Signature page to the Consent of the Board of Directors of Media Lodge]

This 9 day of November, 2020.

DIRECTOR: _____
Jeff Siegel

4

Fill in this information to identify the case:

Debtor name: **Media Lodge, Inc.**
United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**
Case number (if known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders     12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 50 Campfires, LLC<br>PO BOX 685<br>Lebanon, GA 30146 | | | | | | $11,778.84 |
| Armory Forums LLC<br>1266 Shorecrest Cir<br>Clermont, FL 34711 | | | | | | $8,150.89 |
| Auction Armory<br>2875 S Orange Ave<br>Suite 500-2715<br>Orlando, FL 32806 | | | | | | $14,040.54 |
| AvidOutdoorsman<br>PO Box 685<br>Lebanon, GA 30146 | | | | | | $2,073.66 |
| Christopher Serrano<br>PO Box 46<br>Whittier, CA 90608 | | | | | | $14,877.80 |
| Clifton Reinwand<br>1401 32nd Ave NE<br>Minneapolis, MN 55418 | | | | | | $1,925.00 |
| Concealed Nation, LLC<br>4683 Winston Ln N<br>Sarasota, FL 34235 | | | | | | $8,527.02 |
| Don Porter<br>235 Trotter Drive<br>Piedmont, SC 29673 | | | | | | $3,750.00 |
| Forward Media Partners, LLC<br>7 Jeffrey Lane<br>Chappaqua, NY 10514 | | | | | | $991.41 |
| GunGenius<br>PO BOX 2511<br>Kennesaw, GA 30156 | | | | | | $4,287.00 |

Debtor **Media Lodge, Inc.**    Case number *(if known)*
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| GunUp, Inc.<br>c/o Stephen C. Willey, SBN 209164<br>Savitt Bruce & Willey LLP<br>1425 Fourth Avenue, Suite 800<br>Seattle, WA 98101-2272 | | | Disputed | | | $2,478,990.77 |
| Jeff Siegel<br>130 Belden Hill Road<br>Wilton, CT 06897 | | | | | | $1,152.72 |
| Karen Lynn Pikula<br>8844 Lewisburg Road<br>Lewisburg, KY 42256 | | | | | | $1,200.00 |
| Listrak<br>100 W. Millport Road<br>Lititz, PA 17543 | | | | | | $115,475.34 |
| Nelson Mullins Riley & Scarborough LLP<br>Attn: Accounts Receivable<br>PO Drawer 11009<br>Columbia, SC 29211 | | | | | | $717.30 |
| Outdoors.com<br>PO Box 685<br>Lebanon, GA 30146 | | | | | | $11,323.12 |
| R.M. Warner, PLC<br>8283 N. Hayden Road<br>Suite 229<br>Scottsdale, AZ 85258 | | | | | | $10,129.88 |
| Ryan Companies US, Inc.<br>11095 Viking Drive<br>Suite 215<br>Eden Prairie, MN 55344 | | | | | | $1,598.77 |
| The Ardent Group<br>9450 Pinecroft Dr., #9133<br>The Woodlands, TX 77380 | | | | | | $920.17 |
| Wiggin and Dana LLP<br>PO Box 1832<br>New Haven, CT 06508-1832 | | | | | | $4,392.12 |

# United States Bankruptcy Court
## District of Delaware

In re  **Media Lodge, Inc.**  
                              Debtor(s)

Case No. _____  
Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| TVP Investments LLC<br>PO Box 2511<br>Kennesaw, GA 30156 | | 100% | |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **CEO, President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  _11/10/20_        Signature  _/s/ Jeff Siegel_  
                                                            Jeff Siegel

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  
18 U.S.C. §§ 152 and 3571.

## United States Bankruptcy Court
### District of Delaware

In re   Media Lodge, Inc.                                              Case No. _____
                                  Debtor(s)                            Chapter   __11__

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for __Media Lodge, Inc.__ in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

TVP Investments LLC
PO Box 2511
Kennesaw, GA 30156

☐ None [*Check if applicable*]

11/10/20
Date

Michael Busenkell  DE 3933
Signature of Attorney or Litigant
Counsel for   Media Lodge, Inc.
Gellert Scali Busenkell & Brown, LLC
1201 N. Orange Street
Suite 300
Wilmington, DE 19801
302-425-5812 Fax:302-425-5814
mbusenkell@gsbblaw.com

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Delaware

In re  **Media Lodge, Inc.**   Case No.
                                              Debtor(s)   Chapter   **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                          $         100,000.00
   Prior to the filing of this statement I have received                $         100,000.00
   Balance Due                                                          $               0.00

2. The source of the compensation paid to me was:

   ■ Debtor   ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor   ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

11/10/20
*Date*

Michael Busenkell  DE 3933
*Signature of Attorney*
Gellert Scali Busenkell & Brown, LLC
1201 N. Orange Street
Suite 300
Wilmington, DE 19801
302-425-5812  Fax: 302-425-5814
mbusenkell@gsbblaw.com
*Name of law firm*