# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MEDIA LODGE, INC., | ) Case No. 20-12969 (JTD) |
| | ) |
| Debtor. | ) Objection Deadline: December 30, 2020 at 4:00 pm (ET) |
| | ) Hearing Date: January 11, 2021 at 10:00 am (ET) |

**DEBTOR'S MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE SECTION 362**

Media Lodge, Inc., the above-captioned debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), modifying the automatic stay solely to allow the Debtor to proceed with the Appeal (as such term is defined below), pursuant to section 362 of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully requests as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is section 362 of the Bankruptcy Code.

## BACKGROUND

3. The Debtor is a Delaware Corporation with its principle place of business in the state of Minnesota.

4. The Debtor is an advertising brokerage. Website owners contract with Debtor to sell advertising space on their websites and related media. In exchange, Debtor remits a share of the advertising revenue, plus management fees. In large part, the advertisements are in the form of banner advertisements—ads in the form of images.

5. On or about June 23, 2016, GunUp, Inc. ("GunUp") filed an action, in the Superior Court for the State of Washington in and for King County, Case No. 16-2-15005-5 SEA (the "Superior Court"), seeking damages for breach of contract and breach of the implied covenant of good faith and fair dealing. Ultimately, the Superior Court entered a judgment against the Debtor in the amount of $2,478,990.77 (with costs and interest, the "Judgment").

6. On July 21, 2020, Debtor timely appealed the Judgment to the Court of Appeals, Division I of the State of Washington, Case No. 80766-8 (the "Appeal"), which challenged the Superior Court's entering the Judgment on summary judgment basis as well as the Superior Court's calculation of damages.

7. As a result of this filing of this chapter 11 case, the Appeal has been stayed pursuant to section 362 of the Bankruptcy Code.

## RELIEF REQUESTED

8. By this Motion, the Debtor respectfully requests entry of an order, pursuant to section 362 of the Bankruptcy Code, granting limited relief from the automatic stay to allow the

Debtor to proceed with the Appeal and to pursue any additional relief that may be available to it therein.

**BASIS FOR RELIEF**

9. Section 362(d)(1) of the Bankruptcy Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause . . .

11 U.S.C. § 362(d)(1).

10. The term "cause" is not defined in the Bankruptcy Code. Consequently, a bankruptcy court must decide what constitutes "cause" to lift the automatic stay on a case by case basis. See Izzaraelli v. Rexene Products Co. (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D. Del. 1992). In deciding whether "cause" exists to lift the stay to permit litigation to proceed, this Court has traditionally employed a three-part balancing test:

> (a) Whether any great prejudice to either the bankrupt estate or debtor will result from a modification of the stay;
> (b) Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and
> (c) Whether the movant has a probability of prevailing on the merits.

In re Tribune Co., 418 B.R. 116, 126 (Bankr. D. Del. 2009) (citing In re Rexene, 141 B.R. at 576). In this case, the foregoing factors weigh heavily in favor of granting limited relief from the automatic stay.

11. Neither the bankruptcy estate nor the Debtor will suffer any prejudice if the Debtor is permitted to pursue the Appeal and whatever other remedies may be available to it therein. The Judgment is a large potential liability of the estate. It is evidently in the interest of the Debtor and

of the Debtor's creditors, other than GunUp, that the Debtor have the ability to promptly pursue all remedies available to it for challenging the validity and amount of the Judgment.

12.     Further, there is no hardship consideration in the instant matter as it would be to GunUp's benefit that the dispute be fully and finally adjudicated.

13.     Finally, this Court has previously held that the required showing of probability on success of the merits is "very slight." In re Rexene, 141 B.R. at 578. In fact, in cases where the court determines the decision-making process should be relegated to a body other than the bankruptcy court, "only strong defenses" to such actions should "prevent a bankruptcy court from granting relief from the stay . . . ." Id. In this case, there are no absolute defenses that would operate to bar the Debtor from pursing the Appeal in its entirety. Thus, there can be no question that the Debtor has at least a chance of prevailing on the merits.

14.     The Debtor, thus, respectfully submits that cause exists for the Court to grant the limited relief from the automatic stay to allow the Debtor to proceed with the Appeal and to pursue any additional relief that may be available to it sought herein.

## **NOTICE**

15.     The Debtor will provide notice of this Motion to the following parties: (a) counsel to GunUp, (b) the Office of the United States Trustee for the District of Delaware; (c) the parties listed in the Debtor's list of twenty largest unsecured creditors, and (d) any party in interest that has requested to receive notice in this chapter 11 case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtor submits that no further notice of the Motion is required.

| | |
|---|---|
| Dated: December 16, 2020 | GELLERT SCALI BUSENKELL & BROWN LLC |
| | */s/ Holly Megan Smith* |
| | Michael Busenkell (DE 3933) |
| | Ronald S. Gellert (DE 4259) |
| | Holly Megan Smith (DE 6497) |
| | 1201 North Orange Street, 3rd Floor |
| | Wilmington, DE 19801 |
| | Telephone: 302-425-5800 |
| | Email: mbusenkell@gsbblaw.com |
| | rgellert@gsbblaw.com |
| | hmegansmith@gsbblaw.com |
| | *Counsel to Debtor and Debtor-in-Possession* |