**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MEDIA LODGE, INC., | Case No. 20-12969 (JTD) |
| Debtor. | RE: D.I. 197 |

**ORDER CONFIRMING SMALL BUSINESS DEBTOR'S FOURTH AMENDED PLAN OF REORGANIZATION OF MEDIA LODGE, INC.**

The Small Business Debtor's Fourth Amended Plan of Reorganization of Media Lodge, Inc. (the "Plan") (D.I, 197) filed on September 10, 2021, by the Debtor, Media Lodge, Inc. (the "Debtor"), having been transmitted to creditors and equity security holders; and it having been determined after a hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1191(a) been satisfied, the Court finds and concludes as follows:

**FINDINGS OF FACTS & CONCLUSIONS OF LAW**

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan was provided to all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") were in compliance with the FRBP, were adequate and reasonable under the

circumstances of this case, and no further or additional notice of the Confirmation Hearing or the Confirmation Deadlines was necessary or required.

D. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**. The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

E. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**. The Plan specifies all classes or claims or interests that are not impaired under the Plan.

F. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**. The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

G. **No Discrimination – 11 U.S.C. § 1123(a)(4)**. The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

H. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**. Section 2.5 and Exhibit F of the Plan provides adequate means for the Plan's implementation.

I. **Interests of the Creditors, Equity Security Holders, & Public Policy – 11 U.S.C. § 1123(a)(7)**. The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the Plan and any successor to such officer, director, or trustee.

J. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**. Section 2.4 of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment

of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

K.    **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**. Each of the provisions of the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

L.    **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

M.    **Subchapter V Plan Requirements – 11 U.S.C. § 1189**. The Plan complies with § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11, as computed in accordance with FRBP 9006.

N.    **Contents of a Subchapter V Plan – 11 U.S.C. § 1190.** In compliance with § 1190, the Plan includes: (1) a brief history of the business operations of the debtor, (2) a liquidation analysis, and (3) projections with respect to the ability of the Debtor to make payments under the proposed plan for reorganization.

O.    **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan satisfies the applicable provisions of 11 U.S.C. § 1129(a), other than paragraph (15) of that section, and, as a result, is a consensual Subchapter V plan under § 1191(a). With respect to the relevant provisions of 11 U.S.C. § 1129(a), the Court finds and concludes as follows:

1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.
2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

3. **11 U.S.C. § 1129(a)(4)**.  Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(5)**. The Plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtor, and the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders, and with public policy; and the Plan proponent has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

5. **11 U.S.C. § 1129(a)(6)**.  There is no government entity with jurisdiction over the Debtor's rates and, thus, this provision is inapplicable.

6. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the Plan, or will receive or retain under the Plan on account of such claim or interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date, or each holder of a claim of such class will receive or retain under the Plan on account of such claim property of a value, as of the effective date of the Plan, that is not less than the value of such holder's interest in the estate's interest in the property that secures such claims in compliance with 11 U.S.C. § 1111(b)(2).

7. **<u>11 U.S.C. § 1129(a)(8)</u>**. With respect to each class of claims or interests, such class has accepted the Plan or such class in not impaired under the Plan.

8. **<u>11 U.S.C. § 1129(a)(9)</u>**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the treatment of all Allowed Administrative Expense Claims and fee claims pursuant to the Plan satisfies the requirements of §§ 1129(a)(9) and 1191(e) of the Bankruptcy Code.

9. **<u>11 U.S.C. § 1129(a)(10)</u>**. At least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by an insider.

10. **<u>11 U.S.C. § 1129(a)(11)</u>**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

11. **<u>11 U.S.C. § 1129(a)(12)</u>**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

12. **<u>11 U.S.C. § 1129(a)(13)</u>**. The Debtor has no retiree benefit plans and, thus, this provision is inapplicable.

13. **<u>11 U.S.C. § 1129(a)(14)</u>**. The debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation and, thus, this provision is inapplicable.

14. **<u>11 U.S.C. § 1129(a)(16)</u>**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. **Confirmation**.   The Plan, as modified herein, is confirmed under 11 U.S.C. § 1191(a).

2. **Binding Effect of Plan**.  Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the Debtor, the Reorganized Debtor, any individual or entity acquiring or receiving property or a distribution under the Plan, and any creditor or interest holder of the Debtor, whether or not the claim or interest of such creditor or interest holder, is impaired under the Plan and whether or not such creditor or interest holder has accepted the Plan.

3. **Re-vesting of Property**.  Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Reorganized Debtor. Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors. Pursuant to § 1141, any transfers from the Debtor to the Reorganized Debtor or any other person pursuant to the Plan shall not be taxed under any law imposing a stamp tax or other similar tax.

4. **Post-Confirmation Operation of Business**.  Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code.  The Reorganized Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set

forth in the Plan concerning objections to claims, the Reorganized Debtor may also settle or compromise any claims without Court approval.

5. **Injunction and Discharge**. Except as otherwise expressly provided in the Plan or in this Confirmation Order, (i) on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the fullest extent provided by 11 U.S.C. § 1141(d); and (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a).

6. **Disbursing Agent**. Insofar as confirmation of the Plan is consensual under § 1191(a), payments to Creditors provided for in the Plan will be made by the Debtor.

7. **Effect of Confirmation Order on Plan**. A copy of the Plan is attached hereto and the terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

8. **Executory Contracts and Leases.** Except as set forth on Exhibit D to the Plan or as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed rejected as of the Effective Date.

9. **Service of Confirmation Order**. Counsel for the Debtor is directed to serve a copy of this Order on all parties and file a certificate of service within five (5) days of the entry of this Order.

10. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

11. **Discharge of the Subchapter V Trustee**. Pursuant to 11 U.S.C. § 1183, the service of the Subchapter V Trustee in the case shall terminate and the Subchapter V Trustee shall be discharged from and relieved of her trust and her duties and responsibilities in the case when the Plan has been substantially consummated, except that the United States Trustee may reappoint a trustee as needed for performance of duties under § 1183(b)(3)(C) and § 1185(a). Not later than 14 days after the Plan is substantially consummated, the Debtor shall file with the Court and serve on the Subchapter V Trustee, the United States Trustee, and all parties in interest notice of such substantial consummation. Prior to the discharge of the Subchapter V Trustee, the Subchapter V Trustee shall comply with 11 U.S.C. § 1194 and distribute any applicable payments in accordance with the Plan.

12. **Jurisdiction**. Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to the Bankruptcy Code, this Court, except as otherwise provided in the Plan, shall retain exclusive jurisdiction over all matters arising out of, or related to Debtor's bankruptcy case to the fullest extent legally permissible, including without limitation jurisdiction over the matters set forth in Section 6.4 of the Plan.

Dated: September 17th, 2021  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE

8