# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| MEDIA LODGE, INC., ) | |
| ) | Case No. 20-12969 (JTD) |
| Reorganized Debtor. ) | |
| ) | **Hearing Date: January 6, 2022 at 10:00 am (ET)** |
| | **Objection Deadline: December 16, 2021 at 4:00 pm (ET)** |

## MOTION FOR AN ORDER GRANTING A FINAL DECREE AND CLOSING CASE

The above-captioned reorganized debtor (the "Debtor"), by and through their undersigned counsel, in the above-referenced case, hereby moves the Court (the "Motion"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3022-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an order granting a final decree and closing the above-captioned case, and granting such other relief as is just and fair. In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S. C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105 and 350 of the Bankruptcy Code.

## BACKGROUND

2. On November 10, 2020, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the Bankruptcy Code.

3. On September 10, 2021, the Debtor filed the *Small Business Debtor's Fourth*

*Amended Plan of Reorganization of Media Lodge, Inc.* [D.I. 197] (as modified and subsequently confirmed, the "Plan"), which was confirmed by order of this Court on September 17, 2021 [D.I. 206] (the "Confirmation Order").

4. The Debtor has made all distributions in accordance with the terms of the Plan and Confirmation Order and paid all expenses except for certain legal fees that remain outstanding. Details regarding the distributions made by the Debtor are included in the *Notice of Substantial Consummation and Distribution* filed on November 16, 2021 [D.I. 221].

5. On November 18, 2021, the Subchapter V Trustee filed the *Chapter 11 Subchapter V Trustee's Report of No Distribution* [D.I. 222].

## RELIEF REQUESTED

6. By this Motion, the Debtor seeks an order, substantively in the proposed order attached hereto as **Exhibit A**, closing this chapter 11 case (the "Chapter 11 Case").

7. As described below, the Debtor respectfully submits that it is appropriate to close the Chapter 11 Case.

8. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 establishes procedural guidelines for closing chapter 11 cases. In particular, Bankruptcy Rule 3022 provides that "[a]fter an estate is fully administered . . . the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Further, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105.

9. Neither the Bankruptcy Code nor the Bankruptcy Rules contain a definition of the term "fully administered."

10. Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a) Whether the order confirming the plan has become final;

    b) Whether deposits required by the plan have been distributed;

    c) Whether the property proposed by the plan to be transferred has been transferred;

    d) Whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan;

    e) Whether payments under the plan have commenced; and

    f) Whether all motions, contested matters and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).

11. Delaware bankruptcy courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." In re SLI, Inc., No. 02-12608, 2005 Bankr. LEXIS 1322, at *5 (Bankr. D. Del. June 24, 2005) (citing In re Mold Makers, Inc., 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); see also In re Kliegel Bros. Universal Elec. Stage Lighting Co., 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); Walnut Assocs. v. Saidel, 164 B.R. 487, 493 (E.D. Pa. 1994) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree").

12. In this Chapter 11 Case, the Confirmation Order has been entered. Additionally, the Debtor has made all distributions required by the Plan, including the payment of all

administrative claims. Further, the Reorganized Debtor has assumed management of the business operations. Lastly, all motions, contested matters and adversary proceedings have been fully resolved. As such, the Debtor submits that the Chapter 11 Case should be dismissed.

13. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. See, e.g., In re Gould, 437 B.R. 34, 40 (Bankr. D. Conn. 2010) (finding that case was fully administered for purposes of section 350(a) where the plan was confirmed and its terms were substantially consummated, thus, closure of chapter 11 case was warranted); In re Johnson, 402 B.R. 851 (Bankr. N.D. Ind. 2009) (debtor's motion to close chapter 11 case was granted because the court found that plan was substantially consummated where the final confirmation order had been entered, payments to creditors had commenced and outstanding motions and contested matters had been resolved, despite the fact that the debtor had not yet completed plan payments or received a discharge); In re Gates Cmty. Chapter of Rochester, Inc., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case).

14. Section 1102(2) of the Bankruptcy Code defines substantial consummation as follows:

> a) Transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> b) Assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
>
> c) Commencement of distribution under the plan.

11 U.S.C. § 1102(2).

15. In the present instance, the Plan became effective on October 4, 2021. In

accordance with the Plan, the Debtor made distributions to any entity or individual holding an Allowed Claim (as defined in the Plan). Additionally, the Debtor has paid all administrative claims. Accordingly, the Debtor has met or will shortly meet all factors set forth in the Advisory Committee Note, and this Chapter 11 Case will have been "fully administered" within the meaning of section 350(a) of the Bankruptcy Code.

16. In addition to the reasons explained above, closing this case will also relieve the Court of its administrative burdens with respect to this case.

17. Stated simply, there exists no considerable reason to keep this Chapter 11 Case open. If circumstances change, section 350(b) of the Bankruptcy Code permits the Court to reopen a closed case at any time.

**WHEREFORE**, the Debtor respectfully requests entry of an order, substantially in the form submitted herewith, granting the relief requested herein and such other and further relief as this Court deems just and proper.

Dated: December 2, 2021            GELLERT SCALI BUSENKELL & BROWN LLC

*/s/ Michael Busenkell*
Michael Busenkell (DE 3933)
Ronald S. Gellert (DE 4259)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-425-5800
Email: mbusenkell@gsbblaw.com
           rgellert@gsbblaw.com

*Counsel to Media Lodge, Inc.*